# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHUSTER, | 1:09-cv-00555 AWI MJS HC |
| Petitioner, | ORDER VACATING FINDINGS AND RECOMMENDATION THAT PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED AS A SECOND OR SUCCESSIVE PETITION |
| v. | |
| KEN CLARK, Warden, | [Doc. 11] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 13, 2009, claiming "denial of due process and liberty interest in parole." (Court Doc. 1, p. 5.) The petition challenges the findings of a December 4, 2007 parole consideration hearing. (Id. at 21.)

Petitioner had earlier, in 2007, filed another petition for writ of habeas corpus in this Court as case number 1:07-cv-00903-AWI-JMD, Schuster v. Salazar. That earlier petition challenges a December 6, 2005, parole consideration hearing. (See Case No. 1:07-cv-00903-AWI-JMD, Court Doc. 1.)

On November 12, 2009, the Magistrate Judge issued a Findings and Recommendation to dismiss the current petition as a second or successive petition based on Petitioner's previously filed petition in case number 1:07-cv-00903-AWI-JMD. (Court Doc. 11.) On December 12, 2009, Petitioner filed objections to the Findings and Recommendation pointing out that the

1

1 petitions are based on two different parole consideration hearings; the 2007 petition is based on a 2005 parole consideration hearing, and the present petition is based on a December 4, 2007 parole consideration hearing. (Court Doc. 12, at 1.)

The Court takes judicial notice of the proceedings in a prior petition.[1]

The underlying facts constituting the 2007 parole consideration hearing occurred after the filing of the first petition, and are not the subject of the first petition.  As the first and second petitions do not arise out of the same transaction or occurrence, the latter petition is not considered a successive petition under 28 U.S.C. § 2244(b).  "A 'ground is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments... . Identical grounds may often be proved by different factual allegations... .'" Babbitt v. Woodford, 177 F.3d 744, 746 (9th Cir. 1999) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)).

Additionally, since the present petition is not successive, Petitioner need not obtain prior leave from the Ninth Circuit for this Court to consider the petition. See 28 U.S.C. § 2244(b)(3).

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendation issued November 12, 2009, is HEREBY VACATED.


IT IS SO ORDERED.

**Dated:   May 27, 2010**              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).