# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHUSTER, | 1:09-cv-00555-AWI-MJS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| KEN CLARK, Warden, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented by Michael G. Lagrama, Esq., of the California Office of the Attorney General.

**I.   BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his 1989 conviction in San Bernardino County Superior Court for second degree murder with use of a firearm. (Pet., ECF No. 1 at 2.)  Petitioner was sentenced to an indeterminate term of seventeen years to life. (Id.)

In the instant petition, Petitioner does not challenge the validity of his conviction. Petitioner presents two claims. First, he challenges the Board of Parole Hearings' (Board) December 4, 2007 decision finding him unsuitable for release on parole.  Petitioner claims

---

[1] This information is taken from the state court documents attached to Respondent's answer and is not subject to dispute.

-1-

that his due process rights were violated because the Board's decision was not supported by some evidence. Second, Petitioner claims that the actions of the board serve to nullify and violate the terms of his plea agreement.

On April 16, 2008, Petitioner filed a state petition for writ of habeas corpus in the San Bernardino County Superior Court challenging the Board's 2007 decision. (Answer, Ex. 1, ECF No. 20-1.) On June 4, 2008, the Superior Court denied the petition. (Id. at Ex. 2, ECF No. 20-4.) On July 9, 2008, Petitioner filed a state petition with the California Court of Appeals, Fourth Appellate District. (Id. at Ex. 3, ECF No. 20-5.) The petition was denied on July 21, 2008. (Id. at Ex. 4, ECF No. 20-8.)   Finally, Petitioner also filed a petition with the Supreme Court of California on August 4, 2008, which was denied on January 28, 2009. (Id. at Exs. 5-6, ECF Nos. 20-9, 20-10.)

Petitioner filed the instant petition for writ of habeas corpus on March 13, 2009. Respondent filed an answer to the petition on July 2, 2010, and Petitioner filed a traverse on August 5, 2010.

**II.    DISCUSSION**

    **A.    Standard of Habeas Corpus Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Under the AEDPA, an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Federal habeas corpus relief is available for any claim decided on the merits in state court proceedings if the state court's adjudication of the claim:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### 1.    Unreasonable Application of Federal Law

A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133,  141 (2005) citing Williams, 529 U.S. 362, 405-06. "AEDPA does not require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied. . . . The statue recognizes . . . that even a general standard may be applied in an unreasonable manner" Panetti v. Quarterman, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted).  The "clearly established Federal law" requirement "does not demand more than a 'principle' or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009).  For a state decision to be an unreasonable application of clearly established federal law under § 2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle (or principles) to the issue before the state court. Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003).  A state court decision will involve an "unreasonable application of" federal law only if it is "objectively unreasonable." Id. at 75-76, quoting Williams, 529 U.S. at 409-10; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (per curiam). In Harrington v. Richter, the Court further stresses that "an unreasonable application of federal law is different from an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011), (citing Williams, 529 U.S. at 410) (emphasis in original).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786 (citing Yarborough v. Alvarado, 541

U.S. 653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts have in reading outcomes in case-by-case determinations." Id.; Renico v. Lett, 130 S. Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. ___, ___, 129 S. Ct. 1411, 1419 (2009), quoted by Richter, 131 S. Ct. at 786.

### 2. Review of State Decisions

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds." See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991).  This is referred to as the "look through" presumption. Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198 (9th Cir. 2006).  Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion,"does not require that there be an opinion from the state court explaining the state court's reasoning." Richter, 131 S. Ct. at 784-85.  "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

Richter instructs that whether the state court decision is reasoned and explained, or merely a summary denial, the approach to evaluating unreasonableness under § 2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75). AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could

disagree that the state court's decision conflicts with this Court's precedents." Id. To put it yet another way:

> As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 786-87. The Court then explains the rationale for this rule, i.e., "that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. It follows from this consideration that § 2254(d) "complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for later federal habeas proceedings." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness). Some constitutional errors, however, do not require that the petitioner demonstrate prejudice. See Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984). Furthermore, where a habeas petition governed by AEDPA alleges ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the Brecht standard. Avila v. Galaza, 297 F.3d 911, 918, n. 7 (2002). Musalin v. Lamarque, 555 F.3d at 834.

**B.   Application of Due Process to California Parole**

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.

2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, 131 S. Ct. 859, 178 L. Ed. 2d 732, (Jan. 24, 2011).  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence.  Hayward, 603 F.3d at 563; Pearson, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, 131 S. Ct. 859. In Swarthout, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id. at 863. The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 862, *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Answer Ex. 1, Part C at 55-144, ECF No. 12-3.) According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the petitioner] received due process." Swarthout, 131 S. Ct. at 863.  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16.

Given the holding in Swarthout, this Court must and does conclude that Petitioner does not present cognizable claims with regard to substantive due process and recommends that relief be denied and the claim be summarily dismissed.

**C.     Breach of Petitioner's Parole Agreement**

Petitioner claims that the Board's 2007 decision violated his plea agreement as he is being incarcerated for a term greater than the regulatory suggested term for the offense. In the last reasoned decision, the San Bernardino County Superior Court held:

1    Petitioner also indicates that he is being punished and that his "Plea Agreement" has been violated. Petitioner's claim is in error. Petitioner plead to second degree murder.  That is what he was sentenced for. The Board has every right to consider the facts and underlying circumstances regarding the crime in making its decision. (Answer, Ex. 2.)

It is well settled that a plea agreement is a contract that must be honored by the state. See Santobello v. New York, 404 U.S. 257, 262-63, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); Buckley v. Terhune,  441 F.3d 688 (9th Cir. 2006). In this case, however, Petitioner interprets his plea too broadly. The proper interpretation and effect of the agreement between the State of California and Petitioner is that Petitioner received a sentence of seventeen years to life in exchange for his guilty plea.The agreement called for a life sentence with a possibility of parole at some point after Petitioner had served his minimum term. Under California law, there is no guarantee of parole after a specified period of time, only that a prisoner will be considered for parole and granted parole only if, in the exercise of the discretion of the Board applying factors specified by regulations, he or she is found suitable for parole. Although the plea colloquy is not included in the record before this Court, Petitioner does not allege that there was any promise, actual or implied, of when or under what terms or conditions he might be granted parole. The California court in addressing this issue did not find a promise in the plea proceedings regarding a specific time for Petitioner's release, nor does Petitioner presently argue that such an agreement exists. Petitioner's sole argument is that he has served beyond his minimum term, and by allowing the Board to review the facts of his crime the state has in effect modified the terms of his sentence.

Petitioner does not present evidence that the plea agreement prohibits the Board from looking at the underlying facts of the offense, and without proof of such an agreement, Petitioner's claim fails. "A plea agreement violation claim depends upon the actual terms of the agreement, not the subjective understanding of the defendant . . . ." In re Honesto, 130 Cal. App. 4th 81, 29 Cal. Rptr.3d 653, 660 (Cal. App. 2005). Accordingly, the fact that Petitioner has, and continues to serve, a sentence longer than the minimum or recommended sentence is not a breach of the plea agreement.

1      The Court cannot say the decision of the San Bernardino County Superior Court in denying Petitioner's claim that his plea agreement was breached was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Petitioner is not entitled to relief. 28 U.S.C. § 2254(d).

### III. CONCLUSION

Petitioner is not entitled to habeas relief based on his claims that the 2007 Board hearing violated his substantive due process rights and breached his plea agreement. Accordingly, this Court recommends that the petition be denied.

### IV. RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's application for a writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 18, 2011         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE